**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Micheal Ellis, | No. CV-18-01842-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Circle K Corporation, et al., | |
| Defendants. | |

On June 14, 2018, the Court issued the following Order:

> Pending before the Court is Plaintiff's application to proceed in forma pauperis. "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In this case, Plaintiff's "complaint" is actually two separate complaints run together as a single document. (Doc. 1).
> In complaint 1, Plaintiff alleges jurisdiction based on diversity. (Doc. 1 at 3). However, Plaintiff fails to plead the citizenship of any party. *See generally Caterpillar v. Lewis*, 386 U.S. 523, 531 (1996). Further, the address listed for every party is in Arizona.
> In complaint 2, Plaintiff alleges federal question jurisdiction. In this complaint, Plaintiff leaves blank all sections on federal question jurisdiction. (Doc. 1 at 8). On this record, Plaintiff has failed to allege federal question jurisdiction.
> Based on the foregoing, Plaintiff has failed to allege or establish federal subject matter jurisdiction. Therefore,
> **IT IS ORDERED** that by June 28, 2018, Plaintiff shall file an amended (single) complaint properly alleging federal subject matter jurisdiction or this case will be dismissed, without prejudice.

(Doc. 9).

On June 15, 2018, Plaintiff filed a single amended complaint. In this amended complaint, Plaintiff alleges jurisdiction based on federal question, specifically "United

States Code Title 42, Chapter 21[.]" (Doc. 10 at 3). Under Plaintiff's statement of claim he states, (quoted in its entirety) "Racial Discrimination, Defamation of Character, Harassment, and Denial of Public Services due to Race." (Doc. 10 at 4). Plaintiff also made a demand of "Five Million Dollars". (Doc. 10 at 4). The Court has quoted all of Plaintiff's allegations in his amended complaint.

As the Court noted in its prior Order, Plaintiff seeks to proceed in forma pauperis.

**A.    28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

**B.    Rule 8, Federal Rules of Civil Procedure**

A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

In order to assist litigants to understand the Rule 8(e) requirements that averments "be simple, concise, and direct," Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which are "intended to indicate the simplicity and brevity of statement which the rules contemplate." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). An example is Form 9 (Complaint for Negligence):

1. Allegation of jurisdiction
2. On June 1, 1936, in a public highway called Boylston Street in

> Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
> 4. Wherefore plaintiff demands judgment against defendant in the sum of ___dollars and costs.
> *Id.* "This complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and answered in minutes." *Id.* In addition, to satisfy Rule 8, each claim must be stated in a separate count. *Bautista v. Los Angeles*, 216 F.3d 837, 840-41 (9th Cir. 2000).

*Kennedy v. Andrews*, 2005 WL 3358205, \*2-\*3 (D. Ariz. 2005).

In this case, Plaintiff's allegations still fail to state a claim. Further, the Court is uncertain whether jurisdiction under Title 42, Chapter 21 actually exists; however, because the allegations in the complaint are so conclusory, the Court cannot determine its jurisdiction. Additionally, Plaintiff's citation to such a large section of the United States Code makes it impossible for the Court to be sure which particular statute he might be invoking.

Based on all of the foregoing, the Court will give Plaintiff one last opportunity to amend the complaint to both allege federal subject matter jurisdiction and state a claim consistent with Rule 8 and the in forma pauperis statute. If Plaintiff chooses to amend again, Plaintiff should further note that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citations and internal quotations omitted). Thus, this Court has no jurisdiction over a claim, regardless of whether the claim is couched in federal terms, if the claim is "'patently without merit, or so insubstantial, improbable, or foreclosed by Supreme Court precedent as not to involve a federal controversy.'" *City of Las Vegas v. Clark County,* 755 F.2d 697, 701 (9th Cir. 1985) (quoting *Demarest v. U.S.*, 718 F.2d 964, 966 (9th Cir. 1983)). "To state a federal claim, it is not enough to invoke a constitutional provision or to come up with a catalogue of federal statutes allegedly implicated. Rather, as the

Supreme Court has repeatedly admonished, it is necessary to state a claim that is substantial…." *Noatak v. Hoffman*, 896 F.2d 1157, 1166 (9th Cir. 1990) (Kozinski, J. dissenting) (majority opinion rev'd 501 U.S. 775 (1991)); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007); *see also Buntrock v. SEC*, 347 F.3d 995, 997 (7th Cir. 2003) (noting that "a frivolous suit does not engage the jurisdiction of the district court").

Thus, based on the foregoing,

**IT IS ORDERED** that by July 16, 2018, Plaintiff must file a second amended complaint curing the deficiencies discussed above, or this case will be dismissed, without prejudice.

Dated this 28th day of June, 2018.

James A. Teilborg
Senior United States District Judge